UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>United States</u>

    v.                                     Civil No. 05-cv-429-JM

<u>Five Thousand Eight Hundred
Dollars ($5,800.00) in United
States Postal Service Money
Orders, seized from Khoi Phan</u>

**O R D E R**

This action, brought by the United States under 18 U.S.C. § 981, concerns the forfeiture of five thousand eight hundred dollars ($5,800.00) in United States Postal Service money orders seized from Khoi Phan.[1]  Phan has not contested the forfeiture. The claimant in this case, Peter Hoang, asserts an ownership interest in the money orders.  The United States has moved for summary judgment (document no. 8).  Hoang objects (document no. 9).  For the reasons stated herein, I grant the plaintiff's motion for summary judgment.

---

[1] Seven thousand nine hundred and twenty-five dollars ($7,925.00) in United States currency was also seized from Phan at the time the money orders were seized.  That money is not the subject of this action.

## Standard of Review

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A genuine issue is one "that properly can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).  A material fact is one "that might affect the outcome of the suit."  Id. at 248.

In ruling on a motion for summary judgment, the court construes the evidence in the light most favorable to the nonmovant.  See Navarro v. Pfizer Corp., 261 F.3d 90, 94 (1st Cir. 2001).  The party moving for summary judgment "bears the initial responsibility of . . . identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the moving party has met its burden, the burden shifts to the nonmovant to "produce evidence on which a reasonable finder of fact, under the appropriate proof burden,

could base a verdict for it; if that party cannot produce such evidence, the motion must be granted." Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 94 (1st Cir. 1996) (citing Celotex, 477 U.S. at 323; Anderson, 477 U.S. at 249).  Neither conclusory allegations, improbable inferences, nor unsupported speculation are sufficient to defeat summary judgment. Carroll v. Xerox Corp., 294 F.3d 231, 236-37 (1st Cir. 2002).

## Background

On May 27, 2005, the United States Postal Inspectors' office was advised of a package that had been received at the Plaistow, New Hampshire post office in an open and damaged condition.  The package, addressed to Khoi Phan at a nail salon in Plaistow, was from a Peter Hoang in Philadelphia, Pennsylvania.  The package contained $5,800.00 worth of money orders and $7,925.00 in United States currency.  The cash and money orders were in envelopes that were inserted inside a magazine.  No letter, note, or receipts were found in the package.  The postal inspectors inspecting the package were suspicious, based on their experience and knowledge of the characteristics of illicit money transactions, that the money was for use in illegal activity. Further, based on the denominations of the money orders, the

inspectors believed that the purchase of the money orders had been "structured," or made in such a way as to purposely evade identification and paperwork requirements.[2]  This furthered the inspectors' suspicions regarding potentially illegal transactions involving the money in the package.

In furtherance of their investigation, the inspectors delivered the package to Phan at his place of business.  Phan produced identification and signed for the package.  At that point, Phan was advised that the individuals delivering the package were federal agents.  The package was seized and Phan spoke with the agents outside of the store.  Phan subsequently gave his consent to the agents to search the package.

Prior to the search of the package, Phan told the agents that the package contained money from Hoang, who had sent it as a

---

[2] 31 U.S.C. § 5324 prohibits the structuring of transactions in a manner designed to evade reporting requirements or to cause or attempt to cause, a financial institution to fail to fulfill its reporting requirements.  The United States Postal Service is a qualifying financial institution under 31 U.S.C. § 5312(a)(2)(V).  A financial institution issuing a money order in the amount of $3,000.00 or more must obtain documentation of the purchaser's identity and require the purchaser to complete certain paperwork in order to fulfill its reporting requirements. 31 U.S.C. § 5325.  In this case, money orders were obtained from two separate post offices in Philadelphia on the same day, in amounts totaling $2,900.00 at each post office.  Based on these facts, the inspectors suspected illegal structuring of the money order purchase.

loan to Phan for use in Phan's business. Phan stated that he did not have any documentation regarding the loan. When Phan was advised that the investigators were suspicious that the purchase of the money orders had been structured, Phan disclaimed all ownership of or interest in the money. Phan stated he had not received money from Hoang in the past and did not want to get into any trouble that might interfere with his pending United States citizenship application.

After the money was seized and this action commenced, Hoang filed claim to ownership of the money. Hoang's claim concedes that the money was an unsecured loan to Phan for use in his business. Hoang rests his claim of ownership on the assertion that the money was never actually delivered to Phan's physical custody, and that therefore ownership of the money never transferred from Hoang to Phan, and therefore, Hoang retained ownership of the money at all times.

## Discussion

Plaintiff moves for summary judgment alleging that Hoang cannot establish that he has standing to challenge the forfeiture of the money orders in question. See <u>United States v. 1998 BMW "I" Convertible</u>, 235 F.3d 397, 399 (8th Cir. 2000). "It is well

established that a party seeking to challenge a forfeiture of property must first demonstrate an ownership or possessory interest in the seized property in order to have standing to contest the forfeiture." United States v. One-Sixth Share of James J. Bulger in All Present & Future Proceeds of Mass Millions Lottery Ticket No. M246233, 326 F.3d 36, 41 (1st Cir. 2003). Standing in forfeiture cases has both constitutional and statutory aspects. Id. at 40. To maintain constitutional standing under Article III, a claimant must first demonstrate an ownership or possessory interest in the seized property. Id. at 41. The federal forfeiture statute defines who may intervene in a civil forfeiture action as a claimant and, therefore, who has standing to bring a claim for the property that is the subject of the forfeiture action. See generally 18 U.S.C. § 983.

Here, claimant asserts that he is an innocent owner of the questioned property, and that therefore, under 18 U.S.C. § 983(d)(1), he has standing to contest the forfeiture. To do so, Hoang must demonstrate by a preponderance of the evidence that he is an "innocent owner" of the property. Being such an owner:

> (A) means a person with an ownership interest in the specific property sought to be forfeited, including a leasehold, lien, mortgage, recorded security interest, or valid assignment of an ownership interest; and

6

>    (B)   does not include --
>
>    **(i)   a person with only a general unsecured interest in, or claim against, the property or estate of another;**
>
>    (ii) a bailee unless the bailor is identified and the bailee shows a colorable legitimate interest in the property seized; or
>
>    (iii) a nominee who exercises no dominion or control over the property.

18 U.S.C. § 983(d)(6) (emphasis added).  Under this statutory definition of an owner, the holder of an unsecured interest lacks standing to state a claim for the forfeited money.  Here, Hoang concedes that the money was sent as an unsecured loan.  Accordingly, if in fact Hoang loaned the money to Phan, Hoang is simply an unsecured creditor without standing to claim an interest in the specific property seized from Phan.[3]

Hoang argues that while he intended to make an unsecured loan to Phan, he never did so, because Phan never took possession of the money that Hoang sent.  Hoang claims that he therefore

---

[3] I make no comment on whether or not Hoang could maintain an action against Phan to recoup the amount of money allegedly loaned to Phan by my finding that Hoang, as an unsecured creditor, had no ownership interest in the actual money orders seized.

retained an ownership interest in the money as though it had never been sent.  As evidence in support of his argument, Hoang claims that the plaintiff did not provide evidence that the package to Phan was signed for by Phan and did not provide evidence that, even if signed for, Phan understood what he was signing.

Hoang first argues that the plaintiff failed to demonstrate that the package was delivered to Phan.  "[T]he law presumes delivery of a properly addressed piece of mail."  Matos v. United States, 380 F. Supp. 2d 36, 38 (D.P.R. 2005); Broad. Music, Inc. v. Rindge Land Corp., No. Civ. 93-470-JD, 1995 WL 136940 (D.N.H. Mar. 27, 1995) (citing U.S. Fire Ins. Co. v. Producciones Padosa, Inc., 835 F.2d 950, 952 n.2 (1st Cir. 1987) and Rosenthal v. Walker, 111 U.S. 185 (1884)).  While this presumption is rebuttable, once the plaintiffs have offered evidence of mailing the documents in question the burden shifts to the defendants to produce evidence of nondelivery.  Broad. Music, 1995 WL 136940 at *7.

Here, the plaintiff's motion included an affidavit from one of the postal inspectors who participated in the delivery and

seizure of the package, Sean Dever, who averred that Phan signed for the package after positively identifying himself as the intended recipient of the package.  Claimant's objection to the motion for summary judgment cited to the failure of the plaintiff to include a copy of Phan's signature acknowledging receipt of the package as evidence that no such signature existed.  While Hoang's bald assertion would not suffice to counter the sworn affidavit of Dever in any event, the plaintiff, in response to Hoang's objection, filed a copy of the label of the package in question signed by Phan.  There is no genuine issue as to whether or not Phan signed for the package.  Accordingly, I find that the package was delivered to Phan and that any interest Hoang may have held in the property prior to delivery had therefore ceased to exist after Phan signed for it.  At the point of signature, the package became Phan's property.  The inspectors seized the package only after that point.

　　　Hoang next argues that if Phan did sign for the package, Phan's limited grasp of English may have interfered with his ability to understand that signing for a package meant taking possession of it.  The argument is without merit.  Phan runs a

business in the United States, was able to conduct a basic conversation with the postal inspectors at his store regarding the package, and was aware that the package was sent to him from Hoang, and he knew without opening it what it contained.  Hoang has not demonstrated that Phan's limitations in the English language in any way impacted his knowledge of the effect of his action in signing a package presented to him for delivery.  For that matter, Hoang has not raised any support for his argument that a failure to understand the legal effect of his signature would nullify Phan's actual possession of the package.  Raising the spectre of language difficulties is precisely the sort of unsupported speculation that cannot defeat a summary judgment motion.  See Carroll, 294 F.3d at 237 (citing Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990) (the nonmovant's allegations asserting a factual dispute that would defeat summary judgment "cannot be conjectural."))

## Conclusion

For the reasons set forth above, I find that Hoang has no ownership interest in the property in question, and therefore he

does not have standing to challenge the seizure and I therefore grant plaintiff's motion for summary judgment (document no. 8).

**SO ORDERED.**

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

Date:      December 28, 2006

cc:        Peter Hoang, pro se
           Robert J. Rabuck, AUSA